UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATPRIT SINGH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SECRETARY OF THE DEPARTMENT<br>OF HOMELAND SECURITY, et al.,<br><br>　　　　Respondents. | 1:11-cv-02012 MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER<br><br>[Doc. 10] |

　　　　Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on November 16, 2011. Petitioner asserts his detention by the Department of Homeland Security and the Stanislaus County Jail violates United States statutes and his constitutional right to due process of law.

**I.　　BACKGROUND**

　　　　It appears Petitioner is a native of Fiji. (See Pet. at 10.) On June 1, 2011 Petitioner was booked and released from the Stanislaus County Jail. (Mot. to Dismiss, Ex. A.) Immigrations and Customs Enforcement ("ICE") attempted to place a hold on Petitioner, but he was released before the detainer took effect. (Id., Ex. B.) ICE records reflect it had no further contact with Petitioner after June 1, 2011.

## II.  ANALYSIS

On January 27, 2012, Respondents filed a motion to dismiss the petition. Respondents represented that Petitioner was not in the custody of ICE and asserts that the petition is now moot. Petitioner did not file a response.

A federal court may not review a moot claim, because the exercise of federal judicial power is conditioned on the existence of an Article III case or controversy. Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3, 84 S. Ct. 391, 11 L. Ed. 2d 347 (1964). A claim is moot when "the issues presented are no longer live" and there exists no "present controversy as to which effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007) (*quoting* Vill. Of Gambell v. Babbityt, 999 F.2d 403, 406 (9th Cir. 1993)). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. Abdala v. INS, 488 F.3d 1061, 1063 (9th Cir. 2007). The in-custody requirement is a clear precursor to a properly-filed habeas corpus petition. See Picrin-Peron v. Rison, 930 F.2d 773 (9th Cir. 1991) (habeas petition dismissed as moot because INS Director had released (paroled) alien petitioner). As well, the law is clear that the mere imposition of an immigration detainer is insufficient to trigger habeas corpus jurisdiction. See Campos v. INS, 62 F.3d 311, 314 (9th Cir.1995) (holding that the INS's detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available). Mootness is not automatic. Zegarra-Gomez v. United States, 314 F.3d 1124, 1126-27 (9th Cir. 2003). But in order for a habeas petitioner to continue to present a live controversy after release, there must be some collateral consequence that may be redressed by success on the petition. Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998); Abdala, 488 F.3d at 1064. Here, Petitioner is not in the custody or supervision of ICE. Accoridngly, his petition is moot.

## III.  CONCLUSION

Because Petitioner is not in custody, and his release from custody is the only relief he appears entitled to, and because there does not appear to be any collateral consequence that

could be addressed by continuing the litigation, the petition is moot.[1] Accordingly, the petition shall be dismissed without prejudice.

### IV. FINDINGS AND RECCOMENDATION

Therefore it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without prejudice. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 24, 2012                     /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner requests by way of this petition that the Department of Homeland Security render its decision with regard to its N-600 Application for Citizenship. Such a claim should be brought by way of a petition for mandamus, however, it is exempted from judicial review.