1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## EASTERN DISTRICT OF CALIFORNIA

12

SATPRIT SINGH,                          )    1:11-cv-02012 MJS HC
                                        )
13              Petitioner,             )    FINDINGS AND RECOMMENDATION
                                        )    REGARDING MOTION TO DISMISS
14      v.                              )    PETITION FOR WRIT OF HABEAS
                                        )    CORPUS AS MOOT
15                                      )
SECRETARY OF THE DEPARTMENT             )    ORDER DIRECTING CLERK OF COURT
16 OF HOMELAND SECURITY, et al.,        )    TO ASSIGN DISTRICT COURT JUDGE
                                        )    TO THE PRESENT MATTER
17              Respondents.            )
_____ )    [Doc. 10]
18

19        Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §

20 2241 on November 16, 2011. Petitioner asserts his detention by the Department of Homeland

21 Security and the Stanislaus County Jail violates United States statutes and his constitutional

22 right to due process of law.

23 **I.      BACKGROUND**

24        It appears Petitioner is a native of Fiji. (See Pet. at 10.) On June 1, 2011 Petitioner was

25 booked and released from the Stanislaus County Jail. (Mot. to Dismiss, Ex. A.) Immigrations

26 and Customs Enforcement ("ICE") attempted to place a hold on Petitioner, but he was

27 released before the detainer took effect. (Id., Ex. B.) ICE records reflect it had no further

28 contact with Petitioner after June 1, 2011.

1    **II.    ANALYSIS**

2        On January 27, 2012, Respondents filed a motion to dismiss the petition. Respondents

3    represented that Petitioner was not in the custody of ICE and asserts that the petition is now

4    moot. Petitioner did not file a response.

5        A federal court may not review a moot claim, because the exercise of federal judicial

6    power is conditioned on the existence of an Article III case or controversy. Liner v. Jafco, Inc.,

7    375 U.S. 301, 306 n. 3, 84 S. Ct. 391, 11 L. Ed. 2d 347 (1964). A claim is moot when "the

8    issues presented are no longer live" and there exists no "present controversy as to which

9    effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895,

10   900 (9th Cir. 2007) (quoting Vill. Of Gambell v. Babbityt, 999 F.2d 403, 406 (9th Cir. 1993)).

11   To maintain a claim, a litigant must continue to have a personal stake in all stages of the

12   judicial proceeding. Abdala v. INS, 488 F.3d 1061, 1063 (9th Cir. 2007). The in-custody

13   requirement is a clear precursor to a properly-filed habeas corpus petition. See Picrin-Peron

14   v. Rison, 930 F.2d 773 (9th Cir. 1991) (habeas petition dismissed as moot because INS

15   Director had released (paroled) alien petitioner). As well, the law is clear that the mere

16   imposition of an immigration detainer is insufficient to trigger habeas corpus jurisdiction. See

17   Campos v. INS, 62 F.3d 311, 314 (9th Cir.1995) (holding that the INS's detainer letter alone

18   does not sufficiently place an alien in INS custody to make habeas corpus available).

19   Mootness is not automatic. Zegarra-Gomez v. United States, 314 F.3d 1124, 1126-27 (9th Cir.

20   2003). But in order for a habeas petitioner to continue to present a live controversy after

21   release, there must be some collateral consequence that may be redressed by success on the

22   petition. Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998); Abdala,

23   488 F.3d at 1064. Here, Petitioner is not in the custody or supervision of ICE. Accoridngly, his

24   petition is moot.

25   **III.    CONCLUSION**

26       Because Petitioner is not in custody, and his release from custody is the only relief he

27   appears entitled to, and because there does not appear to be any collateral consequence that

28

could be addressed by continuing the litigation, the petition is moot.[1] Accordingly, the petition shall be dismissed without prejudice.

## IV.    FINDINGS AND RECCOMENDATION

Therefore it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without prejudice. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 24, 2012                          /s/ _Michael J. Seng_
                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner requests by way of this petition that the Department of Homeland Security render its decision with regard to its N-600 Application for Citizenship. Such a claim should be brought by way of a petition for mandamus, however, it is exempted from judicial review.